**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR LOPEZ,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CORONA POLICE DEPARTMENT, official capacity; et al.,<br><br>        Defendants-Appellees. | No.    19-55231<br><br>D.C. No. 5:17-cv-02379-VBF-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted August 5, 2020[**]

Before:      SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Arthur Lopez appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). We affirm.

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Lopez failed to raise a genuine issue of material fact as to whether defendants' decision to impound his vehicle was not justified under the community caretaking exception to the Fourth Amendment's warrant requirement, given that his vehicle was parked blocking a private driveway. *See United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012) ("Under the community caretaking exception, police officers may impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic." (citation and internal quotation marks omitted)); *Clement v. City of Glendale*, 518 F.3d 1090, 1094 (9th Cir. 2008) ("The costs and burdens on the car owner associated with a tow can only be justified by conditions that make a tow necessary and appropriate, such as that the car is parked in the path of traffic, blocking a driveway, obstructing a fire lane or appears abandoned").

The district court did not abuse its discretion in sanctioning Lopez because Lopez knowingly submitted a materially doctored document to the district court for an improper purpose. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1094-97 (9th Cir. 2007) (affirming sanctions where party photocopied records in a way to support misleading date calculation; conduct was a "fraud on the court"); *F.J. Hanshaw Enters. v. Emerald River Dev.*, 244 F.3d 1128, 1135 (9th Cir. 2001) (standard of review).

The district court did not abuse its discretion in denying Lopez's motion for

19-55231

reconsideration because Lopez set forth no valid grounds for reconsideration.  *See*

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th

Cir. 1993) (setting forth standard of review and grounds for reconsideration under

Federal Rules of Civil Procedure 59 and 60).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**